UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. **3:24-cr-163-KDB** |
| | ) | **BILL OF INDICTMENT** |
| v. | ) | Violations: |
| | ) | 18 U.S.C. § 1349 |
| (1) JALEESA BRIDGES | ) | 18 U.S.C. § 1708 |
| (2) RYAN BRIDGES | ) | |

**THE GRAND JURY CHARGES:**

At the specified times and at all relevant times:

### INTRODUCTION

1.      Beginning in or about April 2020 and continuing through in or about January 2024, Defendant JALEESA BRIDGES, Defendant RYAN BRIDGES, Miguel Bridges (charged elsewhere), a U.S. Postal Service ("USPS") employee, and others known and unknown to the Grand Jury, engaged in a conspiracy to steal cellular phones from the mail and sell them in the Western District of North Carolina, and elsewhere.

2.      JALEESA BRIDGES, RYAN BRIDGES, Miguel Bridges, and other co-conspirators sold the stolen cellular phones through various means including, but not limited to, ecoATM kiosks and direct sales to third parties.   During the conspiracy, more than 1,400 stolen cell phones were sold for approximately $400,000.

### BACKGROUND

3.      Miguel Bridges was a resident of Charlotte, North Carolina.   Miguel Bridges was employed by the USPS as a mail processing clerk in Charlotte, North Carolina.

4.      JALEESA BRIDGES was a resident of Charlotte, North Carolina.   JALEESA BRIDGES was employed by the USPS as a bulk mail technician in Charlotte, North Carolina. JALEESA BRIDGES was married to Miguel Bridges.

5.      RYAN BRIDGES was a resident of Florence, South Carolina.   RYAN BRIDGES was the brother of Miguel Bridges.

1

6.    ecoATM, LLC ("ecoATM") was a Delaware limited liability company that was headquartered in San Diego, California. ecoATM paid instant cash or money via peer-to-peer applications, such as PayPal or Venmo, in exchange for individuals recycling electronics such as cellular phones. ecoATM used automated kiosks and had various locations nationwide at grocery stores, shopping malls and other locations.

7.    Before finalizing an ecoATM transaction, each user was required to acknowledge ecoATM's Terms and Conditions which included representing that the user was the legal owner of the cellular phone and that the cellular phone had not been obtained by unlawful means.

## COUNT ONE
### (Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1349)

8.    The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 7 of the Bill of Indictment, and further alleges that:

9.    Beginning in or about April 2020 and continuing through in or about January 2024, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants,

**(1) JALESSA BRIDGES, and**
**(2) RYAN BRIDGES,**

Miguel Bridges, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree to commit offenses against the United States, *to wit*, wire fraud in violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy

10.    *Wire Fraud*: It was a part and an object of the conspiracy that JALEESA BRIDGES, RYAN BRIDGES, Miguel Bridges, and others known and unknown to the Grand Jury, having devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, would and did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purposes of executing said scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Purpose

11.    The purpose of the conspiracy was to obtain and sell cellular phones stolen from the United States mail.

### Manner and Means

12.    It was part of the conspiracy that Miguel Bridges opened mail parcels at USPS

2

processing and distribution centers and stole cellular phones.

13.      It was further part of the conspiracy that Miguel Bridges sold stolen cellular phones at ecoATM and other locations.

14.      It was further part of the conspiracy that Miguel Bridges provided stolen cellular phones to JALEESA BRIDGES, RYAN BRIDGES, and other co-conspirators to be sold at ecoATM and other locations.

15.      It was further part of the conspiracy that Miguel Bridges sold stolen cellular phones directly to third parties.

16.      It was further part of the conspiracy that JALEESA BRIDGES, RYAN BRIDGES, Miguel Bridges, and others known and unknown to the Grand Jury, sent and received text messages concerning the sale of stolen cellular phones.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH FOUR
### (Possession of Stolen Mail Matter – 18 U.S.C. § 1708)

17.      The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 7 of the Bill of Indictment, and further alleges that:

18.      On or about the dates set forth below, each occurrence constituting a separate Count, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

### (1) JALEESA BRIDGES,

did receive, conceal, and unlawfully have in her possession, a package, bag, mail, and any article or thing contained therein, which had been stolen, taken, embezzled, and abstracted from a post office, and station thereof, and mail receptacle, specifically the cellular phones as described below, knowing the same to have been stolen, taken, embezzled, and abstracted:

| COUNT | Date | Stolen Cellular Phone | USPS Tracking ID |
|---|---|---|---|
| Two | 07/08/2023 | Apple iPhone 12 64GB | 9202390989988358402073 6820 |
| Three | 09/23/2023 | Apple iPhone 12 Pro 128GB | 9202390989988358403350 7158 |
| Four | 11/26/2023 | Apple iPhone 13 Pro Max 128GB | 9202390989988358403646 8531 |

All in violation of Title 18, United States Code, Section 1708.

3

## COUNTS FIVE THROUGH SEVEN
### (Possession of Stolen Mail Matter – 18 U.S.C. § 1708)

19.     The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 7 of the Bill of Indictment, and further alleges that:

20.     On or about the dates set forth below, each occurrence constituting a separate Count, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

### (2) RYAN BRIDGES,

did receive, conceal, and unlawfully have in his possession, a package, bag, mail, and any article or thing contained therein, which had been stolen, taken, embezzled, and abstracted from a post office, and station thereof, and mail receptacle, specifically the cellular phones as described below, knowing the same to have been stolen, taken, embezzled, and abstracted:

| COUNT | Date | Stolen Cellular Phone | USPS Tracking ID |
|-------|------|----------------------|------------------|
| Five | 05/27/2023 | Apple iPhone 14 256GB | 9202390989883584018616622 |
| Six | 08/26/2023 | Apple iPhone 11 Pro Max 64GB | 9202390989883584028764634 |
| Seven | 09/10/2023 | Apple iPhone 12 128GB | 9202390989883584028293950 |

All in violation of Title 18, United States Code, Section 1708.

4

# NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

      a.    All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Indictment; and

      b.    If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

A TRUE BILL:

███████████

FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

_____
ERIC A. ERICK
SPECIAL ASSISTANT UNITED STATES ATTORNEY

5